UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

SRS DISTRIBUTION INC,

   Plaintiff,

v.

RIEBER CONTRACTING INC, et al.,

   Defendants.

Case No. 2:25-CV-169-GSL-AZ

## OPINION AND ORDER

This matter is before the Court on Plaintiff SRS Distribution, Inc. d/b/a Stoneway Roofing Supply's Motion for Leave to File Second Amended Complaint [DE 63], its Motion to Alter and Amend [DE 63], and its Motion for Status Conference [DE 68]. For the reasons set forth below, Plaintiff's Motion to Alter and Amend is **DENIED**, the Motion for Leave to Amend is **GRANTED**, and the Motion for Status Conference is **DENIED** as moot.

## BACKGROUND[1]

### *Factual History*

This case was initiated on April 11, 2025, and concerns a contractor dispute between Plaintiff, who is engaged in the business of supplying roofing materials, and the named Defendants, which includes Edward Rose Development Company, LLC ("Edward Rose"), Rieber Contracting, Inc. (RCI), and Jalon Rieber. The dispute involved a supply agreement between Plaintiff and Defendant RCI, in which Plaintiff was required to furnish, supply, and deliver roofing materials to RCI projects. One such project was allegedly directed to a property

---

[1] For a more complete recitation of the factual history, *see* the Court's Opinion and Order on Defendant Edward Rose's Motion to Dismiss [DE 59] (*SRS Distribution Inc. v. Edward Rose Dev. Co.*, 2025 WL 3853216, at *1 (N.D. Ind. Dec. 29, 2025)).

in Merrillville, Indiana, which was owned by Defendant Edward Rose. Plaintiff claims it satisfied its obligations under the contract when it made the final delivery of supplies to the Merrillville property, but claims it was never fully compensated for its performance. Plaintiff purportedly then recorded a mechanic's lien on the Merrillville property. After filing this suit, Plaintiff raised several state law claims against the named Defendants, including (1) a foreclosure of a mechanic's lien, (2) breach of contract (against Defendant RCI), (3) breach of contract (against Defendant Rieber), (4) quantum meruit, and (5) accounts stated. [DE 1].

## *Procedural History*

On May 27, 2025, Defendant Edward Rose moved to dismiss Counts 1 and 4 of Plaintiff's Complaint. [DE 8]. Following a full round of briefing and a hearing on Edward Rose's Motion, the Court entered an Opinion and Order on December 29, 2025, in which it granted the motion in full, dismissed Counts 1 and 4, and dismissed Edward Rose from Plaintiff's Complaint without prejudice. [DE 59]. Specifically, as to Count 1, the Court noted that Indiana's mechanic's lien statute requires a strict statutory construction, and thus "the burden is on the party asserting the lien to bring itself clearly within the strictures of the statute." [*Id.* at 5 (quoting *Premier Invs. v. Suites of Am., Inc.*, 644 N.E.2d 24, 127 (Ind. 1994))]. Along the same line, the Court examined Indiana's longstanding rule that "to entitle a material man to a lien upon any building, he must show that the materials were furnished for the particular building upon which he seeks to obtain a lien." [*Id.* at 6 (quoting *Talbott v. Goddard*, 55 Ind. 496, 502 (1876))]. On these grounds, the Court found that the contract which Plaintiff entered into with Defendant RCI was a general supply agreement, was not specific to the property owned by Defendant Edward Rose, and did not otherwise specify any properties or projects to which Plaintiff would be supplying roofing materials. [*Id.* at 8–9]. Thus, the Court found the contract was inconsistent

with the allegations in the complaint stating Plaintiff furnished materials for Defendant Edward Rose's property. [*Id.* at 9 (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998))].

Despite the Opinion and Order being signed on December 29, 2025, however, notice of its docketing was not distributed to the parties until January 6, 2026. [*See* DE 63-1]. The Court's Scheduling Order deadline for amending pleadings was January 5, 2026, and because the deadline was fast approaching, Plaintiff filed an unopposed motion to amend seeking to incorporate and consolidate claims being asserted in a separate Southern District of Iowa case against Defendants RCI and Rieber. [DE 58]. Plaintiff did not, however, add any additional claims against Defendant Edward Rose because it believed the motion to dismiss was still pending and it had yet to receive notice of the Court's Opinion and Order [DE 59]. The Magistrate Judge thereafter granted Plaintiff's unopposed motion on January 9, 2026, [DE 62], but while an amended complaint was attached as an exhibit to Plaintiff's motion [*see* DE 58-1], the amended complaint was never docketed on its own.

On January 26, 2026, Plaintiff filed a consolidated Motion to Alter and Amend, as well as for Leave to File a Second Amended Complaint [DE 63]. Plaintiff seeks to cure any deficiencies identified by the Court relating to its claims against Edward Rose, as well as alter the Court's December 29, 2025, Opinion and Order to reinstate Count 1. [*Id.*]. That consolidated Motion has been fully briefed, [*see* DE 66 (Edward Rose's Response); DE 67 (Plaintiff's Reply)], and is now ripe for judgment. Moreover, on February 23, 2026, Plaintiff followed up by moving for a telephonic status conference to discuss how to proceed given the procedural posture of its other pending Motions. [DE 68].

I.      **Motion to Alter and Amend [DE 63]**

Beginning with Plaintiff's Motion to Alter and Amend, Plaintiff seeks a reconsideration of the Court's Opinion and Order dismissing Plaintiff's claim for the foreclosure of a mechanic's lien against Defendant Edward Rose under Count 1. Plaintiff does not challenge the Court's decision to dismiss the quantum meruit claim under Count 4.

Under Rule 59(e), a party may file a motion to reconsider within 28 days of entry of the judgment. Fed. R. Civ. P. 59(e). However, "relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case . . . ." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). These types of motions "serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). Specifically, "[a] Rule 59(e) motion will be successful only where the movant clearly establishes '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). A "manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

Here, Plaintiff asserts that the dismissal of Count 1 was predicated on a misapprehension of the law when it applied the so-called "exhibit-controls rule" to dismiss Plaintiff's mechanic's lien claim. The exhibit-controls rule states that "when a written instrument contradicts

4

allegations in the complaint to which it is attached, the exhibit trumps the allegations." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 454. Plaintiff argues that the rule should be applied cautiously and only when an incontrovertible contradiction exists between the allegations in the complaint and any attached exhibits or written instruments. [DE 63 at 17]. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 (7th Cir. 2004).

Plaintiff asserts that the Court's characterization of the contract with Defendant RCI as a general credit agreement "does not conflict with and can be read consistently and harmoniously with the Complaint's separate allegations that specific material orders and deliveries under that credit relationship were made to the Property and used to improve it." [DE 63 at 18]. Plaintiff further states that "the Agreement's silence on property specifics does not contradict, and can coexist with, the complaint's allegations of materials supplied and used in the Property." [*Id.*]. Finally, Plaintiff contends that the Complaint's property specific allegations are not negated by the contract's silence and is "reconcilable as a credit application that governed [Plaintiff's] and RCI's commercial relationship and under which project and property specific orders were furnished to RCI and the Property." [*Id.*]. To support these statements, Plaintiff attached to its Motion to Alter and Amend invoices from Defendant RCI, including an invoice for Defendant Edward Rose's property. [*See* DE 63-3 at 26].

But as Defendant Edward Rose notes in its response, these arguments either were or could have been addressed earlier when assessing Edward Rose's motion to dismiss. [DE 66 at 4–5]. It is not apparent to the Court why these invoices were not included earlier, specifically where Defendant Edward Rose directly argued in its motion to dismiss that Plaintiff failed to put itself within the confines of the mechanic's lien statute. [DE 59 at 6–8]. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could

have been heard during the pendency of the previous motion." *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). What the Court ultimately assessed at the time of entering its Opinion and Order was Plaintiff's reliance under Count 1 on a general credit agreement which did not specify what property supplies were being furnished for. Plaintiff, therefore, failed to place itself within the confines of the mechanic's lien statute.

Accordingly, Plaintiff's Motion to Alter and Amend the Court's Opinion and Order is denied.

## II.  Motion for Leave to File Amended Complaint [DE 63]

Next, Plaintiff moves for leave to file an amended complaint, in which it seeks to cure any deficiencies addressed by the Court in its Opinion and Order and file any additional claims against Edward Rose.

Under Rule 15(a) of the Federal Rules of Civil Procedure, the Court may grant leave to amend pleadings, and such leave generally "shall be freely given when justice so requires." *See Feldman v. Am. Mem'l Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999) (citing Fed. R. Civ. P. 15(a)). However, "leave to amend is 'inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.'" *Id.* (quoting *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992)).

Here, the Court does not find applicable any of the grounds to which leave would ordinarily be denied. Specifically, Plaintiff has demonstrated that it was pinned into a corner when facing the January 5 deadline to amend, as well as that it lacked the requisite notice of the Court's Opinion and Order on Defendant Edward Rose's motion to dismiss. [*See* DE 63-1]. In

addition, it is not apparent that there was bad faith or a dilatory motive underlying Plaintiff's motion, that Defendant Edward Rose will be unduly prejudiced, or that there is futility in the amendment. Further, while the parties dispute the nomenclature of Plaintiff's proposed amended complaint, it appears to the Court that in actuality this would be Plaintiff's first amended complaint since nothing prior had been entered on the docket. This is despite the Court's previous granting of Plaintiff's January 5 Motion for Leave to Amend.

Finally, while Defendant Edward Rose argues that exhibits referenced in the complaint were not attached to the proposed complaint itself, and thus that the proposed complaint is deficient, the newly added exhibits have been included as part of the Plaintiff's Motion for Leave. [*See* DE 63-3 to 63-4]. However, Defendant Edward Rose is correct that not all exhibits have been included, specifically the general credit agreement relied upon by Plaintiff in its initial Complaint, as well as the recording instrument for the mechanic's lien. When an amended complaint is filed, "the new complaint supersedes all previous complaints and controls the case from that point forward." *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999); *Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 782 (7th Cir. 2013).

Therefore, Plaintiff's Motion for Leave to File an Amended Complaint is granted. Plaintiff must file the amended complaint, with everything to be included with it, by March 19, 2026.

### III.    Motion for Status Conference [DE 68]

Finally, the Court turns to Plaintiff's Motion for a telephonic status conference. Because the Court has now addressed Plaintiff's other motions and provided instructions on how to proceed, the Court finds that a status conference would no longer be necessary. Accordingly, Plaintiff's Motion for Status Conference is denied as moot.

## CONCLUSION

The Court **DENIES** Plaintiff's Motion to Alter and Amend [DE 63] the Court's Opinion and Order [DE 59], **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint [DE 63] and **DENIES AS MOOT** Plaintiff's Motion for Status Conference [DE 68]. Plaintiff is ordered to file its amended complaint by March 19, 2026.

SO ORDERED.

ENTERED: February 27, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court